IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL -6 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| DALLAS JAMES MOORE, <br> TDCJ-CID No. 02277049, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS WOODBURN, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:17-CV-108-Z |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff DALLAS JAMES MOORE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint (ECF No. 3) is DISMISSED.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

By his Complaint, Plaintiff alleges Defendant Douglas Woodburn (a state district court judge), Defendant Richard Martindale (a state court prosecutor), Defendant Judge NFN Emerson (a state district court judge), Defendant John Doe (a state district attorney), Defendant NFN Horn (a state magistrate/justice of the peace), and Defendant Jeffrey A. Hill (a private defense attorney) violated his constitutional rights during criminal proceedings.

Specifically, Plaintiff alleges that his defense attorney, Defendant Hill filed a motion to withdraw as counsel after Plaintiff filed a bar grievance against him, alleging improper bias. Defendant Emerson, the judge, denied Plaintiff new counsel. Plaintiff alleges this was a violation of his due process rights under the Fourteenth Amendment. Plaintiff alleges that the remaining Defendants have knowledge of these due process violations and allowed them to continue.

## ANALYSIS

Defendants Emerson, Woodburn, and Horn are state court judges entitled to absolute immunity for actions taken during their duties as judges. *See Bowling v. Roach*, No. 19-41003, 2020 WL 2838622, at *3 (5th Cir. May 29, 2020) ("Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages.") Further, Defendants John Doe and Richard

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

Martindale are state court prosecutors entitled to immunity from suit from these allegations. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), cert. denied, 492 U.S. 921 (1989). Prosecutors are immune from section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Thus, to any extent Plaintiff also seeks damages against any defendant, his claims are barred by immunity.

Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961). Private individuals may not be sued in their personal capacity since they do not act under color of state law. *Id.* Defense attorneys are private individuals and are not state actors within the meaning of 42 U.S.C. § 1983, even when appointed by the court. *Briscoe v. LaHue*, 460 U.S. 328, 329 n.6 (1983). In the present case, Defendant Hill is a private individual and cannot be the object of a civil rights lawsuit. Plaintiff's claims against Defendant Hill are frivolous in that they lack any basis in law and fact. As there is no basis in the law for these claims in a civil rights suit, they are dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To the extent that Plaintiff seeks injunctive relief against state court judges, such relief must also be denied. Plaintiff's claim for declaratory and injunctive relief amounts to a request for a writ of mandamus against a state official which is not authorized by § 1983. *See Everitt v. Young*, 85 F.3d 621 (5th Cir. 1996) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Plaintiff seeks specific acts—the transfer of his case to another judge and the appointment of new counsel—as injunctive relief from this Court. Such an order would amount to a mandamus to the state court regarding execution of its docket, which is not permitted by a civil rights suit. As such, Plaintiff's request for injunctive relief is frivolous.

## CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§1915A and 1915(e)(2), as well as 42 U.S.C. §1997e(a), it is ORDERED that Plaintiff's Complaint (ECF No. 3) filed pursuant to 42 U.S.C. §1983 be DISMISSED with prejudice as barred by immunity and as frivolous.

**SO ORDERED.**

July 6, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE